IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
GEORGE M. UMTUCH,              )
                               )   Civil No. 04-1370-JE
          Petitioner,          )
                               )
     v.                        )
                               )
JEAN HILL,                     )
                               )   FINDINGS AND RECOMMENDATION
          Respondent.          )
```

Thomas J. Hester
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, Oregon 97204

      Attorney for Petitioner

Hardy Myers
Attorney General
Lester R. Huntsinger
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301

      Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 in which he challenges his underlying state convictions for Sodomy and Kidnapping. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) should be denied, and Judgment should be entered dismissing this action with prejudice.

## BACKGROUND

In 1995, following a bench trial, the Multnomah County Circuit Court found petitioner guilty of one count each of Sodomy in the First Degree (Count One) and Kidnapping in the Second Degree (Count Two). Respondent's Exhibit 101. The court imposed a 260-month sentence with 240 months post-prison supervision on Count One to run consecutively with a 72-month sentence with 36 months post-prison supervision on Count Two. Id.

Petitioner directly appealed his convictions. The Oregon Court of Appeals affirmed the convictions, but remanded the case for re-sentencing. State v. Umtuch, 144 Or. App. 366, 927 P.2d 796 (1996). The Oregon Supreme Court denied review. State v. Umtuch, 324 Or. 654, 931 P.2d 796 (1997).

In a Re-sentencing Judgment of Conviction and Sentence dated June 19, 1997 (*nunc pro tunc* March 27, 1995), the trial court sentenced petitioner to 240 months' imprisonment and 240 months' post-prison supervision, less time actually served, on Count One,

2 - FINDINGS AND RECOMMENDATION

and to 70 months' imprisonment and 36 months' post-prison supervision, less time actually served, on Count Two. In addition, the court imposed financial obligations and ordered that the sentences be served consecutively. Respondent's Exhibits 101, 102 & 128.

Petitioner filed a notice of appeal after re-sentencing, but subsequently filed a motion to dismiss the appeal which the Oregon Court of Appeals granted. No briefs were filed. Respondent's Exhibit 104.

Petitioner next filed for post-conviction relief ("PCR") in state court on May 19, 1998, but the PCR trial court denied relief. Respondent's Exhibit 105. The Oregon Court of Appeals affirmed the PCR trial court without written opinion, and the Oregon Supreme Court denied review. Umtuch v. Lampert, 165 Or. App. 770, 999 P.2d 562 (2000), rev. denied 330 Or. 375, 6 P.3d 1105 (2000); Respondent's Exhibit 106.

The sentencing court entered another amended judgment dated January 28, 2000 (*nunc pro tunc* March 27, 1995) on February 6, 2000 eliminating some monetary obligations, but otherwise imposing essentially the same sentence. Respondent's Response to Habeas Petition (#14), p. 3; Respondent's Exhibits 101 & 134 at p. 2.

On August 7, 2000, petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the District of Oregon, Umtuch v. Lampert, CV No. 00-1090-KI. Respondent's

3 - FINDINGS AND RECOMMENDATION

Exhibits 107-108.  The parties agreed that petitioner was entitled to habeas relief in the form of a direct appeal to the Oregon Court of Appeals solely on the issue of whether a consecutive sentence was properly imposed by the trial court.   In the parties' stipulated agreement, petitioner agreed to waive any further post-conviction claims and agreed to dismiss his remaining federal habeas claims with prejudice.   Respondent's Exhibit 111.   On January 4, 2002, the court granted a writ of habeas corpus allowing petitioner to take a direct appeal from the consecutive sentences imposed by the trial court, and dismissed his remaining claims with prejudice.  Respondent's Exhibit 112.

On February 6, 2002, petitioner filed a timely appeal with the Oregon Court of Appeals raising the consecutive sentences issue. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. State v. Umtuch, 192 Or. App. 364, 87 P.3d 709 (2004), rev. denied 337 Or. 34, 93 P.3d 71 (2004); Respondent's Exhibit 114.   On July 14, 2004, petitioner filed a Motion to Recall Appellate Judgment to allow him to file a petition for reconsideration of the Oregon Supreme Court's order denying review based on the emergence of two Blakely v. Washington, 542 U.S. 296 (2004) issues.  Respondent's Exhibit 137.  The Oregon Supreme Court denied petitioner's Motion.  Respondent's Exhibit 138.

4 - FINDINGS AND RECOMMENDATION

On September 11, 2002, petitioner filed a petition for alternative writ of quo warranto with the Oregon Supreme Court. The petition was denied on October 22, 2002. Respondent's Exhibit 115.

On January 14, 2003, petitioner filed a second Petition for Writ of Habeas pursuant to 28 U.S.C. § 2254 with this court, <u>Umtuch</u> <u>v. Hass</u>, CV No. 03-54-AA. The court denied the petition without prejudice on the basis that petitioner was attacking the same convictions he had challenged in his 2000 federal habeas petition and that he had not obtained authorization from the Ninth Circuit to file a successive petition. Respondent's Exhibits 119-120.

On July 9, 2004, petitioner filed a state habeas case alleging that the sentencing court violated his constitutional rights during sentencing. Respondent's Exhibits 122-123. The petition was dismissed on July 16, 2004. Respondent's Exhibit 125. Petitioner filed a timely notice of appeal, and that proceeding is pending. Respondent's Exhibits 126-127.

On September 22, 2004, petitioner filed the current action. Petitioner's grounds for relief as set forth in his Petition are as follows:

    1.    Conviction obtained through a Jan. 28, 2000, Nunc Pro Tunc - Judgment for 3/27/95, in violation of the 14th Amend. U.S. Const.

        Supporting facts: On or about Jan 28, 2000, the trial court entered a Nunc Pro Tunc - Judgment for 3/27/95, without informing the petitioner or his counselor that such a hearing was going to take place; thus, depriving

petitioner of the due process right to be present or to have a counselor present to preserve those rights of objecting to illegal sentencing schemes.   Petitioner feels this act was taken in retaliation and with vindictiveness, because Petitioner has already won a previous Appeal; And that this sentence was still in error (despite, the Nunc Pro Tunc - Judgment), because it was increased, and it maintained consecutive sentences.

2.     That the sentencing court imposed an illegal sentence that Petitioner has served the full extent of any "Legal" sentence.

       Supporting facts:  The current sentence that petitioner is serving for case no. 9409-35871, runs concurrent with case no. 8402-30046, pursuant to O.R.S. 137.370(4) and (5).  The sentencing court in Case no. 9409-35871 did not separate this case from case no. 8409-30046; thus making petitioner's legal release date 2-8-04.   The current judgment (i.e. case no. 9409-35871) does not and did not have an ORDER to separate this case from which the petitioner was on Parole for in Case no. 8402-30046.  In violation of the Fifth Amendment due process clause.

3.     That an illegal Judgment, was held in secret[ ], and that it prejudiced an Agreement to Remand to Direct Appeal.

       Supporting facts:  On or about Jan. 28, 2000, a Nunc Pro Tunc - Judgment for 3/27/95, was held in secret[ ]; and this Judgment prejudiced Petitioner from seeking an appeal of Consecutive sentencing in case no. 94-09-35871 (i.e. kidnapping II).   On Jan. 4th, 2002, the U.S. District Court (CV. No. 00-1090-KI), allowed petitioner to seek a "direct appeal" from the consecutive sentences in the Dec. 19th, 1996, and May 29, 1997 - hearings held in Multnomah County Circuit Court, case no. 94-09-35871, because this is where Petitioner has "objected" to consecutive sentences as illegal sentences under the Oregon Felony Sentencing Guidelines Rules.

4.     Any fact that increases the penalty for crime beyond the prescribed statutory maximum mst be submitt[ed] to a jury.

       Supporting facts:  This case presents two Blakely issues: (1.) The first is whether the trial court could properly impose consecutive sentences without a fact finder's determination beyond a reasonable doubt that (a.)

kidnapping II, was not merely incidental to sodomy; or (b.) that in this instance, the victim suffered qualitatively different harms from the act of sodomy. (2.) The second issue is whether, in light of Blakely, one of the factors "persistent involvement" must be either admitted by defendant or found beyond a reasonable doubt before the sentencing court has authority to impose an upward departure sentence. As submitted in the Oregon Supreme Court Case no. S51341, et seq.

Respondent asks the court to deny relief on the Petition because it is a successive petition, and as petitioner failed to either seek or obtain permission from the Ninth Circuit to file a second or successive petition, this court lacks jurisdiction to review the Petition. Respondent's Response to Habeas Corpus Petition (#14), pp. 1-2.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A).

Burton v. Stewart, ___ U.S. ___, 127 S.Ct. 793, 796 (2007). Generally, a new Petition is "second or successive" if it raises claims that were or could have been adjudicated on the merits in an earlier Petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001).

Here, given the fact that Judge King granted relief in petitioner's first federal habeas case (filed in August 2000),

7 - FINDINGS AND RECOMMENDATION

allowing him to take a direct appeal from the consecutive sentences imposed by the trial court, the parties agree that to the extent petitioner brings claims here arising from that direct appeal relating to consecutive sentences, such claims are not precluded by 28 U.S.C. § 2244(b)(3). Petitioner's Reply to State's Response (#27), p. 6; Respondent's Response to Petitioner's Brief (#46), p. 1; Respondent's Response to Habeas Corpus Petition (#52), p. 7.

With regard to any other claims, such claims are barred under 28 U.S.C. § 2244(b)(1) because petitioner failed to seek or obtain authorization from the Ninth Circuit to file a successive petition. Notably, the sentencing court's Amended Judgment of Conviction and Sentence dated January 28, 2000 (*nunc pro tunc* March 27, 1995) ("2000 Judgment") was the last judgment entered in petitioner's case. Thus, at the time petitioner filed his initial federal habeas case on August 7, 2000 he was in custody pursuant to that Judgment. Likewise, he was in custody pursuant to the 2000 Judgment both when he filed his 2003 federal habeas case and when he filed the subject federal habeas Petition in September 2004. "In short, [petitioner has three times] brought claims contesting the same custody imposed by the same judgment of a state court." Burton, 127 S.Ct. at 796. Accordingly, petitioner was required to receive authorization from the Ninth Circuit before filing the subject application. Because he did not do so, this court is without jurisdiction to entertain it. Id.

8 - FINDINGS AND RECOMMENDATION

Petitioner argues that his first federal habeas petition does not count as a first application because it "rescued" his direct criminal appeal. Petitioner's Reply to State's Response (#27), pp. 2-3 (citing <u>Johnson</u> <u>v. United States</u>, 362 F.3d 636, 638 (9th Cir. 2004)(first petition filed only to rescue right of appeal is not a true collateral attack on an original sentence and does not render a subsequent collateral challenge "second" or "successive" under AEDPA)).

This court disagrees. Unlike the situation in <u>Johnson</u>, petitioner's first federal habeas case was not filed specifically to rescue a right of appeal. Indeed, petitioner did not even raise a claim relating to consecutive sentences in his original petition.[1]  Rather, the court-appointed attorney in that case noticed an omission in the transcript of the 1996 re-sentencing, and the Attorney General's Office had the missing hearing transcribed. Petitioner's Reply to the State's Response (#27), p. 5. The transcript revealed that petitioner's attorney at re-

---

[1]     In his August 2000 federal habeas petition, petitioner raised four claims: two claims of ineffective assistance of trial counsel based on counsel's alleged failure to investigate whether other patrons or volunteers were called George or could verify petitioner's innocence and her failure to hire a DNA expert; a claim of prosecutorial misconduct based on the pressing of the victim witness to identify petitioner and a detective's presence at petitioner's revocation hearing; and a claim of governmental misconduct based on wrongful editing of the transcript and a retaliatory sentence inconsistent with the guidelines. Respondent's Exhibit 108, pp. 3-5.

9 - FINDINGS AND RECOMMENDATION

sentencing did in fact object to the consecutive sentence, that the issue had been preserved for appeal, and that appellate counsel may have misadvised petitioner to dismiss his direct appeal.  Id.

Furthermore, when Judge King granted petitioner habeas relief in 2002, he did so pursuant to the parties' stipulation and with the understanding that petitioner waived future post-conviction claims and that his habeas claims in that matter would be dismissed with prejudice.  This court will not interfere with that agreement and is satisfied that petitioner challenged his custody pursuant to the 2000 Judgment in his first petition.  Accordingly, the remaining issue for the court is whether petitioner has raised a claim in this habeas case relating to his direct appeal and consecutive sentences as contemplated by Judge King when he granted petitioner's writ in 2002.

The claim brought before the state courts on direct appeal was one involving allegations of trial court error.  Specifically, petitioner argued that under Oregon law, consecutive sentences are appropriate in cases involving an uninterrupted incident and a single victim only when "(a) the second crime was not merely incidental to the commission of a greater crime or (b) the second crime caused or created the risk of causing greater or qualitatively different harm or injury to the victim than the other crime." Respondent's Exhibit 131, pp. 3-4.  On appeal, petitioner challenged the trial court's imposition of consecutive sentences

10 - FINDINGS AND RECOMMENDATION

arguing that the trial court failed to make the necessary findings to invoke its authority to impose consecutive sentences, and that the facts would not have supported such findings because the kidnapping was incidental to the sodomy and did not cause or threaten a qualitatively different harm to the victim.  Id at 8.

These arguments involving trial court error are altogether different from the Blakely claims raised in the subject Petition involving the question of whether a *jury*, not the court, should have determined beyond a reasonable doubt that the kidnapping was not incidental to the sodomy, or that the victim suffered qualitatively different harms.   Clearly, Blakely was not contemplated by Judge King when he granted petitioner habeas relief in 2002, and in any event, does not apply retroactively on collateral review.  United States v. Cruz, 423 F.3d 1119, 1120 (9th Cir. 2005); Schardt v. Payne, 414 F.3d 1025, 1034-36 (9th Cir. 2005).

## RECOMMENDATION

_____For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) should be DENIED, and judgment should be entered DISMISSING this case with prejudice.

## SCHEDULING ORDER

_____This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate

Procedure, should not be filed until entry of the district court's judgment or appealable order.  The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue, and will constitute a waiver of a party's right to appellate review of the findings of fact in order of judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this  29th  day of March, 2007.

                          /s/ John Jelderks
                     John Jelderks
                     United States Magistrate Judge