UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GEORGE UMTUCH,

       Petitioner,

v.

JEAN HILL,

       Respondent.

Civil No. 04-1370-JE

ORDER

HAGGERTY, Chief Judge:

    Magistrate Judge Jelderks has issued a Findings and Recommendation [54] in this action recommending that petitioner George Umtuch's ("Umtuch" or "petitioner") Writ of Habeas Corpus [2] be denied. Petitioner filed objections [57] to the Findings and Recommendation, and the matter was then referred to this court.

1    - ORDER

When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The objections were filed in a timely manner. The court has given this matter a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendations, the objections, and the entire record. Magistrate Judge Jelderks provided a thorough analysis of the facts and circumstances regarding this petition, and the analysis need not be repeated here. For the following reasons, the Findings and Recommendation is adopted.

## ANALYSIS

Petitioner's objections to the Findings and Recommendation offer little in the way of new argument. Petitioner does not challenge the material facts set forth in the Findings and Recommendation, nor does the petitioner contend that the wrong legal standards were applied to his claims. Instead, petitioner rehashes arguments previously made. These arguments were comprehensively addressed and resolved by the Findings and Recommendation.

Nonetheless, petitioner asserts that the Findings and Recommendation erred in concluding that petitioner's habeas claim was "successive" under 28 U.S.C. § 2244(b)(1), and therefore required authorization from the Court of Appeals under 28 U.S.C. § 2244(3)(A). Pet'r Objections at 1. Petitioner also disagrees with the alternative finding of the Findings and Recommendation that "the Sixth Amendment principles recognized in *Apprendi* and refined in *Blakely* do not apply to Mr. Umtuch's case because of a retroactivity bar." Pet'r Objections at 3.

2    - ORDER

### 1. Petitioner's "Second or Successive" Habeas Petition

Petitioner argues that when he appealed in Oregon state court, pursuant to the grant in his first habeas petition, he exhausted the constitutional challenge presented in his current habeas corpus action. Pet'r Objections at 1. Therefore, his current petition is not successive.

The Supreme Court recently addressed the issue of successive petitions:

> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A).

*Burton v. Stewart*, __ U.S. __, 127 S.Ct. 793, 796 (2007). However, the "AEDPA does not define the terms 'second or successive.'" *Hill v. Alaska*, 297 F.3d 895, 897 (9th Cir.2002). "That a prisoner has previously filed a federal habeas petition does not necessarily render a subsequent petition 'second or successive.'" *Id.* at 898. "Generally, a new petition is 'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition." *Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001).

To begin, this court agrees with the Findings and Recommendation, and the parties, that the only claims petitioner could potentially raise directly to the district court under 28 U.S.C. § 2244(b)(3) are those pertaining to the direct appeal granted in the first petition, Findings and Recommendation at 8.

However, the claims currently raised do not pertain to those raised on direct appeal. The claims raised on appeal involved allegations of trial court error and challenged the imposition of consecutive sentences in his case. Resp't Ex. 131, pp. 3-4. This petition, however, focuses on whether a *jury*, not the court, should have determined beyond a reasonable doubt that the

3    - ORDER

kidnapping was not incidental to the sodomy, or that the victim suffered qualitatively different harms. Therefore, petitioner has not raised a claim in this habeas petition relating to his direct appeal and consecutive sentences as contemplated by Judge King when he granted petitioner's original petition in 2002. Accordingly, this court lacks jurisdiction over petitioner's claim because the claim never received prior authorization from the Court of Appeals. 28 U.S.C. § 2244(3)(A).

### 2. Alternative Finding of Retroactivity Bar

Petitioner objects to the "alternative finding that the Sixth Amendment principles recognized in *Apprendi* and refined in *Blakely* do not apply to [petitioner's] case because of a retroactivity bar." Pet'r Objections at 3. Specifically, petitioner claims that because *Apprendi* was the precursor to *Blakely*, its decision date, and not that of *Blakely*'s, is relevant for determining whether *Blakely* should apply to petitioner's case. Pet'r Objections at 3. Alternatively, petitioner asserts that *Blakely* was issued contemporaneously with the appellate judgment in Umtuch's appeal, and should not be retroactively barred. Pet'r Objections at 3.

The Ninth Circuit held that the Supreme Court's ruling in "*Blakely v. Washington* [] does not apply retroactively to a conviction that was final before that decision was announced. *Schardt v. Payne*, 414 F.3d 1025, 1034. The Ninth Circuit did not rely on *Apprendi* to determine the retroactive effect of *Blakely*, and accordingly, neither shall this court.

Finally, because petitioner's conviction was final prior to the ruling in *Blakely*, that ruling does not apply retroactively to petitioner's case. Contrary to petitioner's assertion, *Blakely* was decided more than a month following petitioner's final appeal to the Oregon Supreme Court. Therefore, *Blakely* is retroactively barred in petitioner's habeas case.

4    - ORDER

**CONCLUSION**

For the reasons provided, the Magistrate Judge's Findings and Recommendation [54] is ADOPTED.

IT IS SO ORDERED.

Dated this __13__ day of July, 2007.

*Ancer L. Haggerty*
Ancer L. Haggerty
United States District Judge

5    - ORDER